IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

MICHAEL AND PASQUALINA
GIGLIELLO,

    Plaintiffs,                                                 Case No.
vs.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT FOR BREACH OF CONTRACT
## AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs, MICHAEL AND PASQUALINA GIGLIELLO ("MR. AND MRS. GIGLIELLO"), by and through the undersigned counsel, and hereby files their Complaint for Breach of Contract and Demand for Jury Trial against the Defendant, NATIONAL SPECIALTY INSURANCE COMPANY ("NATIONAL SPECIALTY"), and as grounds therefore, state as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action exceeds the sum of Thirty Thousand One and 00/100 ($30,001.00) Dollars, exclusive of pre-judgment interest, court costs and attorney's fees.

2. At all times material hereto, MR. AND MRS. GIGLIELLO resided at and are the owners of the property located in Collier County at 3117 Dominica Way, Naples, Florida 34119, and as such, this Court has proper jurisdiction.

3. Upon information and belief, at all times relevant hereto, NATIONAL SPECIALTY, was and is a Foreign Profit Corporation doing business in the State of Florida, including Collier County.

4. Upon information and belief, NATIONAL SPECIALTY is an authorized insurance carrier by the State of Florida authorized to engage in the business of insurance with the Plaintiffs.

5. NATIONAL SPECIALTY, while engaging in the business of insurance in the State of Florida, is required to follow and/or comply with all Florida Insurance Code Statutes and regulations promulgated by the legislature and the Florida Department of Financial Services.

6. In consideration of the premium paid to it by MR. AND MRS. GIGLIELLO, NATIONAL SPECIALTY provided to MR. AND MRS. GIGLIELLO in Collier County, Florida, an "All Risk" Homeowners insurance policy, Policy No. VUW-HO-521508 ("the Policy"), which was in full force and effect (effective policy period August 27, 2017 to August 27, 2018) at the time the damage occurred on or about September 10, 2017, as a result of hurricane/ wind loss and ensuing damages, to the insured property located at 3117 Dominica Way, Naples, Florida 34119. MR. AND MRS. GIGLIELLO have attached hereto the only evidence of insurance coverage under the Policy in their possession as Exhibit "A," but a certified copy of the insurance policy is herein requested.

7. An "**All Risk**" insurance policy has been defined as one that provides coverage for all direct losses not otherwise excluded. Initially, MR. AND MRS. GIGLIELLO are seeking to recover under an "All Risk" insurance policy have the burden of proving that the insured property was damaged and that the loss was fortuitous or accidental, and once they establish a loss apparently within the terms of the "All Risk" policy, the burden then shifts to NATIONAL SPECIALTY to prove that the loss arose from a cause(s) which is excepted. Therefore, it is NATIONAL SPECIALTY'S burden of proof to prove that the loss or damage arose from a specifically excluded cause or causes.

8. Damages from a hurricane/wind loss, and ensuing damages as a direct result thereof, are covered damages under the Policy.

9. MR. AND MRS. GIGLIELLO timely notified NATIONAL SPECIALTY of the damages and opened a claim pursuant to the terms and conditions of the Policy.

10. In response to MR. AND MRS. GIGLIELLO'S claim, NATIONAL SPECIALTY assigned adjusters, both desk and field, to investigate the loss.

11. Concerned that NATIONAL SPECIALTY had no intention to thoroughly investigate and objectively estimate the damages, MR. AND MRS. GIGLIELLO retained the services of an insurance claim professional to assist in submitting their claim to NATIONAL SPECIALTY which would adequately detail all the damages sustained as a result of the loss.

12. MR. AND MRS. GIGLIELLO needed to have the repairs completed as soon as possible, to put the insured property back into a pre-loss condition. NATIONAL SPECIALTY knew of, or should have known, that it was imperative for MR. AND MRS. GIGLIELLO to timely complete the repairs.

13. NATIONAL SPECIALTY is contractually and statutorily required timely tender owed insurance benefits.

14. As a result of NATIONAL SPECIALTY'S failure to cooperate with MR. AND MRS. GIGLIELLO in the adjustment of the loss, they were required to adjust the loss by themselves.

15. MR. AND MRS. GIGLIELLO have provided NATIONAL SPECIALTY with all requested documents and information needed for NATIONAL SPECIALTY to tender owed insurance benefits.

16. AND MRS. GIGLIELLO have provided NATIONAL SPECIALTY access to the insured property for inspection so that NATIONAL SPECIALTY may be able to tender owed insurance benefits.

17. MR. AND MRS. GIGLIELLO have cooperated with all reasonable and relevant requests made by NATIONAL SPECIALTY in its investigation of the loss.

18. NATIONAL SPECIALTY'S denial was a material breach of the Policy. A material breach by one party excuses the other party from further performance under the contract. Insurance contracts follow this general principle from the maxim that "the law does not compel a man to do a useless act." In the context of insurance contracts, a coverage denial waives an insured's duty to comply with contract conditions precedent such as submission to execution of repair contracts, submit to examinations, satisfaction of proof of loss requirements, loss payment provisions, notice, and other contract requirements.

19. Where a contract vests a party with discretion, but provides no standards for exercising discretion, Florida law requires that the party exercise that discretion in a reasonable manner.

## COUNT I
### (BREACH OF CONTRACT)

20. MR. AND MRS. GIGLIELLO re-allege Paragraph No.'s 1-18 outlined above as if fully set forth herein.

21. This is an action for damages for a breach of an insurance contract against NATIONAL SPECIALTY of an insurance policy that was in effect at the time of the loss as a result of a hurricane/wind loss and ensuing damages.

4

22. On or about September 10, 2017, MR. AND MRS. GIGLIELLO'S insured property sustained damage as a result of a hurricane/windloss.

23. In response, NATIONAL SPECIALTY sent and/or assigned insurance adjusters and/or representatives to investigate and provide a coverage opinion and evaluate the extent and nature of the claimed damages.

24. Upon information and belief, NATIONAL SPECIALTY retained preferred third-party vendors to inspect the insured property, investigate the damages and provide it with an opinion on the cause, extent and scope of the damages.

25. MR. AND MRS. GIGLIELLO suffered a loss regarding their insured property and continue to suffer the loss.

26. NATIONAL SPECIALTY'S obligation to tender owed insurance benefits is continuing in nature. A party's ongoing nonperformance constitutes a continuing breach while the contract remains in effect.

27. NATIONAL SPECIALTY'S breach is a continuing breach of the Policy.

28. NATIONAL SPECIALTY has failed and/or refused to tender all owed insurance proceeds, undisputed or otherwise, to MR. AND MRS. GIGLIELLO that are due and owing to MR. AND MRS. GIGLIELLO.

29. MR. AND MRS. GIGLIELLO, as a direct result of a hurricane/wind loss and ensuing damages, have suffered damage to their insured property.

30. MR. AND MRS. GIGLIELLO have requested that NATIONAL SPECIALTY pay their damages; NATIONAL SPECIALTY has failed and/or refused, and continues to refuse to pay the full damages despite knowing it is required to do so.

31. MR. AND MRS. GIGLIELLO have done and performed all those matters and things properly required of them under the insurance policy, or alternatively, have been excused from performance of the acts, representations, omissions, and/or conduct of NATIONAL SPECIALTY.

32. Notwithstanding the foregoing, NATIONAL SPECIALTY has failed and/or refused to provide full coverage under the Policy for the damages to MR. AND MRS. GIGLIELLO'S insured property and NATIONAL SPECIALTY has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.

33. As a direct result of NATIONAL SPECIALTY'S breach of its insurance contract, MR. AND MRS. GIGLIELLO have lost benefits of their insured property and continue to suffer the loss.

34. As a direct result of NATIONAL SPECIALTY'S breach of its insurance contract, MR. AND MRS. GIGLIELLO were required to become obligated for attorney's fees and costs in connection with the prosecution of this action, and Florida Statute §627.428 provides for the payment of attorney's fees in the event of such need.

**WHEREFORE,** the Plaintiffs, MICHAEL AND PASQUALINA GIGLIELLO, pray this Court enter an award of compensatory damages, consequential damages, pre-judgment interest, post judgment interest, costs of this action, attorney fees; and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

MR. AND MRS. GIGLIELLO hereby request a trial by jury on all issues so triable.

Respectfully submitted on **November 23, 2020**.

*/s/ David J. Pettinato*

**DAVID J. PETTINATO, ESQUIRE**
Florida Bar Number: 062324
LAW OFFICES OF DAVID PETTINATO, LLC
1000 W. Cass Street
Tampa, Florida 33606
Telephone: (813) 943-9840
Fax: (813) 434-2291
Attorney for Plaintiffs
dpettinato@pettinatolaw.com
admin@pettinatolaw.com